IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ALFRED LEE STONE, #599665 | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv150 |
| CO III BROWN, ET AL. | § | |

MEMORANDUM ORDER ON MOTIONS FOR NEW TRIAL AND TO VACATE

Came on for consideration, Plaintiff's motion for a new trial (docket entry #15) with supporting declaration (docket entry #16), pursuant to an unspecified Rule of Federal Civil Procedure, and Plaintiff's motion to vacate judgment (docket entry #17), also pursuant to an unspecified Rule of Federal Civil Procedure.

With regard to his motion for a new trial, Rule 59(a)-(d) of the Federal Rules of Civil Procedure governs the grant of a new trial in a matter. *See Pechon v. Louisiana Dept. Of Health and Hospitals*, 368 Fed. Appx. 606, 608 (5th Cir. 2010) (*per curiam*). Rule 59(a) states, in pertinent part:

(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

    (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

    (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Fed. R. Civ. P. 59(a)(1)(A)&(B). In this case, there has been no trial of any type, either by jury or by nonjury or bench trial. Therefore, Plaintiff's request to conduct a "new" trial is inappropriate and

1

misplaced. *See United States v. 16,540 in U.S. Currency*, 273 F.3d 1094, 2001 WL 1085106, at *2 (5th Cir. Aug. 30, 2001) (*per curiam*). However, because Plaintiff is a *pro se* litigant, his "new trial" motion should be construed as one for reconsideration of the judgment pursuant to Rule 59(e). *Id.*; *see also Appel v. Inspire Pharmaceuticals, Inc.*, 2010 WL 3292703, at *1 (N.D. Tex., Aug. 19, 2010) (motion for new trial following summary judgment construed as motion to alter or amend judgment under Rule 59(e)) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)).

With regard to Plaintiff's motion to vacate judgment, such a motion may be construed as one for relief from a final judgment, order or proceeding pursuant to Fed. R. Civ. P. 60. *See, e.g.*, *Jones v. Director*, 2010 WL 2690531, at *1 (E.D. Tex. July 1, 2010); *see also Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (both Rules 59(e) and 60(b) are bases for reconsideration of judgment). Here, the Court will construe both Plaintiff's motion for new trial and motion to vacate the judgment together as motions to reconsider the judgment. Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the

controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La. 2000)). A Rule 59(e) motion, by its terms, must be filed within 28 days of the entry of the judgment.

Turning to Federal Rule of Civil Procedure 60(b), that Rule reads:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Here, Plaintiff has not alleged mistake, newly discovered evidence, fraud, or the like; however, his motion could be construed under Rule 60(b)(6) for "any other reason that justifies

3

relief." Further, his motion was filed within 28 days of the Court's entry of judgment; therefore, either Rule 59(e) or 60(b)(6) might apply. Regardless, it is apparent from Plaintiff's motions that he continues to rely on the argument that his allegations described "imminent physical danger" in seeking to obtain a different outcome in his case. As explained in the Order of Dismissal (docket entry #13), his case was decided on the basis of 28 U.S.C. § 1915A, a finding that the action was frivolous *on its merits*, not on the "three-strikes" procedural bar of 28 U.S.C. § 1915(g) with its "imminent physical danger" exception.

In his motions, Plaintiff attempts to conflate the two statutes in order to circumvent a finding on the merits by claiming he should be allowed to proceed *in forma pauperis* because he made a disconnected, unexplained and wholly vague statement in his complaint that some official at some point in time had "poisoned" him. Even in these post-judgment motions, he does not explain the context or timing of this statement, which the Magistrate Judge correctly referred to as a "*non sequitur*" in her Report and Recommendation. Even if Plaintiff had explained the import of this statement, it still would not support a finding that his lawsuit had merit. Indeed, it does not. He has completely ignored the fact that the ostensible "violation" he describes in his complaint, that prison officials would not allow him to observe them during a random search of his cell, is not actually a right cognizable under 42 U.S.C. § 1983. Therefore, his § 1983 claim fails on its merits and the procedural bar of 28 U.S.C. § 1915(g) for which he seeks an exception is not even implicated. Thus, he has not articulated a reason justifying relief under either Rule 59(e) or 60(b). Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for a new trial (docket entry #15) and motion to vacate judgment (docket entry #17), together construed as motions for reconsideration pursuant to Fed. R. Civ. P. 59(e) or 60(b), are **DENIED**.

So **ORDERED** and **SIGNED** this **1** day of **December, 2010.**

_____
Ron Clark, United States District Judge